IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREN TURLIP,               :      No. 05cv1182
                           :
          Plaintiff     :      (Judge Jones)
                           :
          v.            :
                           :      (Magistrate Judge Blewitt)
NORTH POCONO SCHOOL,    :
DISTRICT et al.,           :
          Defendants   :

## MEMORANDUM AND ORDER

### March 6, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Karen Turlip ("Plaintiff" or "Turlip") filed this sex discrimination and harassment suit under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, on June 14, 2005 against Defendants North Pocono School District ("North Pocono"), Matthew Farrell ("Farrell") and Dr. Louis DeFazio ("DeFazio").  Thereafter, on September 20, 2005, Plaintiff filed an amended complaint adding two counts to her original pleading under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. §§ 951, *et seq.* (Rec. Doc. 11).

On February 7, 2006, Magistrate Judge Blewitt entered a Report and

Recommendation recommending that the Defendants' North Pocono School

District and Matthew Farrell's Motion to Dismiss the Amended Complaint (doc.

12) be denied as to all claims, but granted with respect to Plaintiff's relief request

for punitive damages against Defendant North Pocono.  Magistrate Judge Blewitt

also recommends that the Defendants' alternative motion for more definite

statement pursuant to Fed. R. Civ. P. 12(e) be denied.  Further, Magistrate Judge

Blewitt recommends that the case be remanded to him, so that the moving

Defendants, North Pocono and Farrell, can be directed to respond to Plaintiff's

amended complaint, and to conduct a scheduling conference to set case

management deadlines.

Objections to the Magistrate Judge's Report were due on February 25, 2006

and to date none have been filed.  This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The Plaintiff alleges that she was employed as Human Resources Supervisor

by the Defendant School District during all relevant times, from December 18, 2002

through the present.  Plaintiff alleges that she was subject to sexual discrimination

and harassment by her male supervisor, Superintendent DeFazio, while she was

employed by the North Pocono from December 18, 2002 through the present.[1]

Plaintiff claims that she was subjected to a hostile work environment and that North

Pocono did not remedy the situation, but in fact retaliated against her for

complaining about the sexual harassment.  Plaintiff alleges that she suffered

economic losses, loss of future earning power, as well as emotional distress due to

the alleged sexual harassment.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it.

See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit,

however, "the better practice is to afford some level of review to dispositive legal

issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987).  When a district court accepts a magistrate judge's report, the report

becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations

and well-reasoned analysis, and while we have not been presented with any reason

---

[1] Plaintiff is presently still an employee of the Defendant School District.  However, Plaintiff alleges that as a result of the sexual harassment and hostile work environment, she was deprived of her full-time employment with the Defendant School District and suffered financial loss.

3

to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, after a detailed and complete analysis that we will not reiterate here Magistrate Judge Blewitt finds the Plaintiff's Title VII and PHRA claims are not time-barred because Plaintiff filed her federal administrative harassment charges within the appropriate time frame after the alleged discriminatory conduct occurred. Therefore, Magistrate Judge Blewitt recommends that Defendants' Motion to Dismiss should be denied with respect to their argument that some of the Plaintiff's Title VII claims and PHRA claims are time-barred.

Second, Magistrate Judge Blewitt recommends that the Defendants' Motion to Dismiss Plaintiff's Title VII hostile work environment claim be denied. Magistrate Judge Blewitt finds, and we wholly agree, that the facts alleged in this case are sufficient to establish that the sexual discrimination Plaintiff alleges to have suffered was repeated and systematic, and therefore Plaintiff has met the burden of showing "severe, pervasive and regular" discrimination required to proceed on a Title VII hostile work environment claim.

Third, Magistrate Judge Blewitt finds that Plaintiff made sufficient allegations that several retaliatory acts followed her complaint of sex discrimination, including a change of her employment conditions and deprivation of full-time employment. We therefore agree with Magistrate Judge Blewitt's recommendation to deny

Defendants' Motion to Dismiss the Title VII retaliation claim.

Fourth, Magistrate Judge Blewitt recommends, and we agree, that Defendants' Motion to Dismiss Plaintiff's negligence claim against North Pocono be denied because Defendants moved only to dismiss a common law negligence claim asserted against North Pocono, and in fact Plaintiff has asserted a negligence claim against North Pocono under Title VII.

Fifth, Magistrate Judge Blewitt recommends that Defendants' Motion to Dismiss Plaintiff's PHRA claims be denied inasmuch as he finds that Plaintiff has pled sufficient evidence to survive a Motion to Dismiss her Title VII claims and the standards applicable to a Title VII claims are the same standards for a PHRA claim. Therefore we agree with Magistrate Judge Blewitt that Plaintiff has met the threshold requirements to proceed on her PHRA claims and the Defendants' Motion to Dismiss those claims will be denied.

Sixth, Magistrate Judge Blewitt recommends that Plaintiff's claim for punitive damages against North Pocono be dismissed because Plaintiff has voluntarily withdrawn her demand in that regard.

Finally, Magistrate Judge Blewitt recommends that Defendants' Alternative Motion for More Definite Statement be dismissed. We agree with Magistrate Judge Blewitt that Plaintiff's complaint is clearly compliant with the notice pleading

requirement of Fed. R. Civ. P. 8(a), and therefore the Alternative Motion will be denied.

Our review of this case obviously confirms Magistrate Judge Blewitt's determinations. Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    Magistrate Judge Blewitt's Report and Recommendation (doc. 16) is adopted in its entirety.

2.    Defendants' North Pocono School District and Matthew Farrell's Motion to Dismiss Amended Complaint (doc. 12) is GRANTED in part and DENIED in part to the following extent:

      a.    Plaintiff's claim for punitive damages against Defendant North Pocono is DISMISSED.

      b.    In all other respects Defendants' Motion is DENIED.

3.    This case is REMANDED to Magistrate Judge Blewitt for all further pre-trial matters.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge